No. 38,571

In the Matter of the Trust Estate of THOMAS RICHMOND, Deceased (COMMERCIAL NATIONAL BANK OF KANSAS CITY, Trustee, *Appellant*, v. MAYME W. ARMSTRONG, *Appellee.*)

(250 P. 2d 789)

Opinion filed December 6, 1952.

*Arthur J. Stanley, Jr.,* of Kansas City, argued the cause and was on the briefs for the appellant.

*T. F. Railsback,* of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This appeal arises out of a trustee's intermediate accounting. The trustee filed its intermediate accounting covering the period from August 31, 1949, to August 31, 1950. It asked that such accounting be allowed and amongst other things that the court fix an amount to be paid Mayme Armstrong and Arthur J. Stanley, for services rendered by them as investment advisers during the same period.

The probate court allowed the trustee's report. It also allowed the trustee a fee of $1,000 for its services as trustee for the period from August 31, 1949, to August 31, 1950, and counsel for the trustee $800 for services performed during the same period. The court also found that Stanley had waived compensation for services rendered as investment adviser of the trustee under the terms of the will up to and including August 31, 1950, for $1,000. It is significant that while the fees allowed the trustee and counsel were for services rendered during the period of accounting, that is, from August 31,

1949, to August 31, 1950, there was no time fixed when the probate court found the services of Mayme began. The evidence disclosed she had never asked for a fee before that, for services rendered either the executor or trustee and the executor and trustee and its counsel had asked for and been allowed fees for such services. In due time she appealed from the order of the probate court fixing her fee. The district court fixed the amount of her fee at $5,000, but did not designate any period during which the services were performed. The trustee has appealed.

The specifications of error are, the trial court erred in rendering judgment against the trust estate in the amount of $5,000;. in finding and adjudging that Mayme W. Armstrong had rendered services in behalf of the trust estate which were reasonably worth $5,000; in finding that she was entitled to recover from the trust estate for services rendered the executor of his estate; in finding that $5,000 was due her from the trust estate for the reason that no evidence was introduced justifying or authorizing such an allowance and the amount was grossly excessive and the trial court erred in overruling the trustee's motion for a new trial.

The trustee states the questions to be—May the district court in an appeal from an order of the probate court in a trust estate, allow compensation for services claimed to have been rendered the executor in the administration of the will?—and second, Was the amount awarded by the district court excessive?

Two probate court cases are involved in this appeal. The will disposed of an estate amounting to considerably over half a million dollars. It consisted of some real estate and stocks and bonds.

The will provided that the Kansas Trust Company, to which the present trustee is a successor, should be named executor of the estate and that immediately upon the closing of the estate the executor should turn over to the Kansas Trust Company as trustee all that remained of the estate, which trustee should handle it under the jurisdiction of the probate court. The estate was finally settled on May 31, 1950. The trust estate began with the filing of a petition and the appointment of the bank trustee on September 16, 1947, at that time the real estate in the estate proper was turned over to the trustee. The personal property remained in the hands of the executor until August 16, 1952, when it was delivered to the trustee. This was due to some difficulties with the federal government over estate taxes.

Item 5 of the will was a little peculiar. It provided amongst other things as follows:

"I further direct that in the matter of the investment or reinvestment of any of the funds coming into the hands of my said Trustee, or in the reinvestment of any investments I may have heretofore made, that Mayme Armstrong, now employed by Stern Brothers & Company, Kansas City, Missouri, and Arthur J. Stanley of Kansas City, Kansas, shall have equal authority with my said Trustee in the selection of the securities to be purchased for investment or reinvestment in said trust. I further direct that my said Trustee, Mayme Armstrong and Arthur J. Stanley shall have at least annual meetings for the purpose of accounting in this trust and approving investments or reinvestments therein and for the payment of the gifts in the third item of this my Will."

There was no provision as to what compensation should be paid Mayme Armstrong and Arthur Stanley.

The trustee points out that the intermediate accounting from which this appeal springs was filed by the trustee on October 13, 1952, and that in it, it asked the court to fix a fee to be paid Mayme for services as an investment adviser for the period from August 31, 1949, to August 31, 1950. The trustee points out that the securities had only been in the hands of the trustee from August 14, 1949, when they were delivered by the executor, to the trustee until August 31, 1950. The trustee argues the will provided Mayme should be investment adviser to the trustee only and not to the executor and that she had no right to any compensation for any advice she gave the executor.

It is hardly correct to say that the will provided only for payment to Mayme for advice she gave the trustee. Item 5 of the will provided in the first paragraph for a bequest of his residuary estate to the trust company on certain conditions. The next paragraph of this item provided for payments to be made by the executor of certain amounts to testator's wife. The next paragraph provided that immediately on the closing of the estate the executor should turn over to the trustee all the residue to be used for the support of testator's wife. It is clear the testator set up a plan by which the same corporation should act as executor of his estate and as trustee. That is what was done. The testator evidently desired that the trust company should have some outside advice as to the investment and reinvestment of the securities comprising his estate, so he named two people in whom he had confidence to have equal authority with the trustee in that business. He, by the terms of the will, made this authority extend "the investment or reinvestment of any of the funds

coming into the hands of my said Trustee or in the reinvestment of any investments I may have heretofore made." The above language just as well applies to investments made by the company while acting as executor as while acting as trustee. The last sentence of this paragraph is entitled to some consideration in this connection. In it the testator provided that the two investment advisers should have at least annual meetings with the trustee for the purpose of accounting in the trust approving investments and reinvestments therein and for the payment of gifts to charitable institutions. These were annual gifts testator wanted made out of his estate. It seems clear he wanted them made while his estate was in process of administration as well as under the trusteeship.

This was a peculiar estate in that it consisted of some thirty-two lots of securities, stocks, municipal bonds, and government bonds in value varying from $69,460 to $1,350. The real estate turned over to the trustee consisted of some eight parcels of real estate of the value of $105,407. It is worthy of note the probate court allowed fees to the trustee and counsel for the trustee in the amount of $1,000 for the one and $800 for the other for the period for which the accounting was made. The court made the allowance for Mayme as investment adviser in the amount of $5,000 but did not specify for what period.

On appeal to the district court there was an extensive hearing. Much evidence was taken on the question of what services Mayme actually performed. There was expert testimony as to the worth of such services. There was testimony that she actually performed services for the bank while it was acting as executor as well as while it was acting as trustee. This evidence was admitted without objection from the trustee. At that time the trustee does not appear to have objected to all the services rendered by her being considered. The case was tried in the probate court on the report, and on appeal, by the district court on the order of the probate court and the report. It was tried upon the theory that all services should be considered. It does not appear to have occurred to the trustee to object to services rendered the executor being considered until it decided to appeal from the judgment of the district court on account of the amount allowed being excessive.

We realize the force of the trustee's argument, that for any services rendered the executor Mayme should have made a claim in the estate before it was finally settled and the property turned over to the trustee.

It would, however, under all the surrounding facts and circumstances heretofore detailed in this opinion, be adopting too narrow a view of the provisions of the will and of what was actually done by all the parties to hold that Mayme was entitled at this time to pay for services performed for the trustee only. Regardless of the technical argument that a claim should have been made by Mayme in the original estate, the fact remains the claim will be paid, under the judgment of the trial court, from the same assets and by the same bank even though it is now a trust estate and the bank is now a trustee.

As to the amount that was allowed and whether it was excessive, that is the main point of the trustee. There was a great deal of evidence. Some of it was expert. The record is such, as a matter of law, there was substantial evidence to support the findings upon which the judgment is based once we conclude that all services should be considered. We cannot retry the facts. (See *Associated Dairies v. Fletcher*, 143 Kan. 561, 56 P. 2d 106; also *Brown v. Brown*, 146 Kan. 7, 68 P. 2d 1105.)

The judgment of the trial court is affirmed.

THIELE, J. (dissenting): In my opinion a proper disposition is not made of this appeal.

Thomas Richmond died, leaving a will which was admitted to probate, an executor was appointed and administration had of his estate. Under his will he gave legacies to named persons, stated in item 3 that he had made annual gifts to named charities and that these gifts should be continued during the administration of his estate and thereafter by his trustees, and made certain provisions for his wife and other dispositions not necessary to notice. He named Kansas Trust Company as executor and provided that immediately upon the closing of his estate his executor should turn over to the same company as trustee all the rest, residue and remainder of his estate, for uses which we need not notice. He did provide that in the matter of investment of funds coming into the hands of his trustee, Mayme Armstrong and Arthur J. Stanley should have equal authority with the trustee in the selection of securities, and that the three should have at least annual meetings for the purpose of accounting and approving investments and for the payment of the gifts in item 3 of his will.

There is no dispute that if Mayme Armstrong was entitled to any amount for services rendered by her to the executor, there was no

claim made by her in the administration of the estate and the estate was settled without paying to her any sum as an expense of administration. The order made on final settlement of the estate is not included in the abstract, but I think it must be assumed that it showed complete compliance with pertinent provisions of the probate code and that all claims, taxes and expenses of administration were paid and that "all of the rest, residue and remainder of my (his) estate" was ordered delivered and assigned to the trustee of the trust created by the will, as provided by the will.

Later, an annual report was made to the probate court by the trustee as to the trust estate and upon hearing thereon, in fixing costs of administration, an amount for a limited period was allowed Mayme Armstrong for her services. Not being satisfied she appealed to the district court, where her testimony showed she sought recovery for all services rendered by her whether to the executor or to the trustee. As she testified that her services were worth at least $5,000 and that she had named that amount to the trustee, and as that is the amount the district court allowed her, it is not open to debate that she is going to recover from the trustee for services rendered to the executor.

It is a coincidence here that the same company was named as executor and thereafter as trustee—that need not have been the case.

In my opinion, when a final settlement is made of an estate, all claims, including costs of administration must be settled and paid, and the shares of those entitled to the residue must be fixed and determined. When that is done the order of final settlement, if not appealed from, becomes a finality, and no one, whether a creditor or one merely entitled to payment for an expense of administration, can thereafter assert a claim against the assets of the estate whether they have passed to a trustee, as is the case here, or to a residuary legatee or devisee, as well might be the case. Mayme Armstrong, by the court's decision, is permitted to ignore assertion of her claim against the estate on final settlement thereof and later assert it against assets which are no longer a part of the estate but are the corpus of a trust which came into being only when the estate had been fully settled.

I would reverse.

WERTZ, J., concurs in the dissent.